HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

CITY OF BURIEN, a municipal
coporation,

CASE NO.  3:24-cv-00433-RAJ

**ORDER GRANTING MOTION
TO REMAND**

12
                                    Plaintiff,
13
                              v.
14
PATRICIA COLE-TINDALL, in her
15  official capacity as the King County
    Sheriff and KING COUNTY, a home
16  rule charter county,

17                                  Defendants.

18

19
## I.    INTRODUCTION
20
          THIS MATTER is before the Court on Plaintiff's Motion to Remand.  Dkt. # 14.
21
Defendants assert counterclaims against Plaintiff, Dkt. # 16, and oppose remand of this
22
matter, Dkt. # 17.  The parties do not request oral argument, and the Court does not find
23
it necessary.  The Court has reviewed the motions, the materials filed in support of the
24
motions, the balance of the record, and the governing law.  For the reasons stated below,
25
the Court **GRANTS** Plaintiff's Motion.
26

ORDER - 1

## II.   BACKGROUND

This matter arises out of a dispute regarding the non-enforcement of a local ordinance.  Pursuant to the Interlocal Agreement ("ILA"), King County through King County Sheriff's Office ("KCSO") provides law enforcement services to Plaintiff, the City of Burien.  *See* Dkt. # 14 at 5.

The City Council of Burien adopted Ordinance 832 (the "Ordinance"), titled "Unlawful Public Camping," on March 4, 2024.  Dkt. # 16 at 16-20.   The Ordinance prohibits the use of nonresidential public property as a living space.  *Id*.  The Ordinance defines this as, "to camp, dwell, lodge, reside, sleep, or exercise nontransitory exclusive control over any portion of nonresidential public property." *Id*.  The nonresidential public property includes "any Burien park, street, sidewalk, or any other open area where Burien or another governmental agency has a property interest, including easements." *Id*.  There is an exception to the general prohibition when there is no available overnight shelter and the use of nonresidential public property as a living space occurs between 7 p.m. and 6 a.m. the following morning.  *See id*.  Noncompliance with the Ordinance is classified as a misdemeanor offense.  *See id*.

In providing services to Burien, Sheriff Patricia Cole-Tindall instructed her department not to enforce the Ordinance.  *Id*.  King County and Sheriff Cole-Tindall ("King County Defendants") contend that the Ordinance violates federal caselaw.  *See* Dkt. # 17 at 3.  Defendants acknowledge that KCSO has refused to enforce the Ordinance to date.  Dkt. # 17 at 2.

On March 11, 2024, Defendants in the instant action, King County and Sheriff Patricia Cole-Tindall, initiated a related lawsuit in federal court seeking declaratory and injunctive relief ("federal action").  *See Cole-Tindall v. City of Burien*, 24-cv-00325-RAJ (March 11, 2024).  There, Plaintiffs ask this Court to evaluate the constitutionality of the Ordinance.  *See id*.

When King County and Sheriff Cole-Tindall brought the federal action instead of following the procedure outlined in the ILA, the City of Burien filed the instant lawsuit in Snohomish County Superior Court ("state court action").  Plaintiff, the City of Burien ("Plaintiff" or "Burien"), argues that pursuant to the ILA, this dispute should have been referred to an oversight committee. Dkt. # 14 at 5-7.  In the state court action, Burien assert a breach of contract claim requesting specific performance and injunctive relief. Dkt. # 1-1 ¶¶ 5.1-5.7.  King County Defendants then filed a notice of removal to federal court, Dkt. # 1, and filed counterclaims seeking declaratory judgment regarding the constitutionality of the Ordinance, Dkt. # 16 ¶¶ 58-61.   Burien now asks this Court to remand this matter to Snohomish County Superior Court.  Dkt. # 14

### III.   LEGAL STANDARD

A civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action.  *See* 28 U.S.C. § 1441.  In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1331, 1332.   Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance.   *See* *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the defendant has the burden of establishing that removal is proper.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

The Supreme Court has repeatedly held that "in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of

the plaintiff's cause of action.'" *Philips Petroleum Co. v. Texaco Inc*., 415 U.S. 125, 127 (1974) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)).  This essential federal element must appear in the plaintiff's own statement of its cause of action.  *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 10 (1983) ("For better or worse . . .  a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.").

Whether a complaint raises a federal question is determined by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.  The well-pleaded complaint rule does not permit a finding of jurisdiction "predicated on an actual or anticipated defense" or "upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  It is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc*., 482 U.S. at 393 (citing *Franchise Tax Bd*., 463 U.S. at 12).

# IV.   ANALYSIS

As all parties in this action are citizens of Washington, *see* Dkt. #1-1, removal is only proper if the court could have exercised federal question jurisdiction over this action when it was filed.  *See* 28 U.S.C. §§ 1332, 1441.  Burien argues this matter must be remanded to state court because the Complaint concerns a contract dispute and does not present a federal question. *See generally* Dkts. # 14, 18.  King County Defendants assert removal is appropriate because Burien's breach of contract claim raises federal questions and "Burien has 'artfully pleaded' its complaint as framed a by state claims."  Dkt. # 17 at 2.

Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1057 (9th Cir. 2018).  Federal question jurisdiction will exist despite no federal claim appearing on the face of the complaint in a "small category of cases" in which a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016); *see also ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (stating that a state-created cause of action can be deemed to arise under federal law "where the claim is necessarily federal in character").

King County Defendants state that the "constitutionality of Ordinance No. 832 is an essential element of Burien's breach of contract and injunctive relief claims." Dkt. # 17 at 7.  Defendants are wrong.  The Complaint alleges breach of contract and seeks injunctive relief and damages.  Under Washington law, a breach of contract claim requires proof of three elements—the existence of a contract, its breach, and resulting damages. *See Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wash. App. 707,

713 (1995).  The basis of this cause of action is King County Defendants' failure to perform and comply with the ILA's dispute resolution process.  *See* Dkt. # 1-1 ¶ 5.2.  Burien does not have the burden to plead or prove the constitutionality of the Ordinance in asserting a breach of contract claim.  There is nothing to suggest that Burien pleaded the breach of contract claim in a manner to avoid asserting a federal question.  Therefore, the nature of this dispute is not necessarily federal in character and the artful pleading doctrine does not support removal to federal court.

At most, the disputed constitutionality of the Ordinance relates to a potential defense against the breach of contract claim.  King County Defendants do not dispute their nonperformance.  *See* Dkt. # 17 at 2.  Defendants seem to ask the Court to excuse their conduct based on the belief that the Ordinance is unconstitutional and ask this Court to rule on the constitutionality of the Ordinance.  Dkts. # 16, 17.  This is insufficient to support removal of the state law claims to federal court.

Defendants have failed to establish removal jurisdiction under the well-pleaded complaint rule or the artful pleading doctrine.  The face of Burien's Complaint does not implicate a substantial federal question.  Burien's state law contract claim is not necessarily federal in character.  Nor is a federal question an element of their state law contract claim. Instead, Defendants' argument about the constitutionality of the Ordinance only raises a federal question defense.  Likewise, Defendants' counterclaims seeking declaratory judgment of the constitutionality of the Ordinance are insufficient to support removal to federal court.

ORDER - 6

1

## V.    CONCLUSION

2      For the reasons stated above, the Court **GRANTS** Plaintiff's Motion.   Dkt. # 14.

3  The clerk shall remand this case to Snohomish County Superior Court.

4

5      Dated this 24th day of September, 2024.

6

7

8      _____

9      The Honorable Richard A. Jones
        United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7